(160 App. Div. 219)

### PEARLMAN v. BOOTH.

(Supreme Court, Appellate Division, Third Department. January 21, 1914.)

1. BANKRUPTCY (§ 421*)—DISCHARGE—EFFECT.

    A discharge in bankruptcy does not bar a tort action for the wrongful death of a servant caused by the bankrupt's negligence.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774, 776, 777, 779–781, 783–786, 788–790; Dec. Dig. § 421.*]

2. MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—STATUTE.

    Where the master selected the scaffold, the fact that the servants moved the scaffold about three feet, using the same boards which broke, will not free the master from his liability under Labor Law (Consol. Laws, c. 31) § 18, providing that no person employing labor shall use improper and insufficient scaffolding, hoists, etc.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

3. MASTER AND SERVANT (§ 222*)—ASSUMPTION OF RISK.

    Where the servant can see the danger, the fact that he is directed by the master's vice principal to do the work in a certain manner does not free him from the burden of assumed risk.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 648–651; Dec. Dig. § 222.*]

4. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR.

    In an action for the death of a servant who was killed upon the breaking of a single board of a scaffold, where the master's foreman had ordered the servant to use all of the other boards on the scaffold in shoring up a cement arch, the giving of a charge that the servant for that reason did not assume the risk from the breaking of the board is harmless, though erroneous; it appearing that the board, being sawed through, was an imperfect appliance, for which the master was responsible, the cut not being readily discernible by inspection.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

Appeal from Trial Term, Rensselaer County.

Action by Rachel Pearlman, as administratrix of the goods, chattels, and credits of Harry Pearlman, deceased, against Raymond M. Booth. From a judgment for plaintiff and an order denying his motion for new trial, defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Rosendale, Hessberg, Delaney & Haines, of Albany, for appellant.
O'Brien & Murray, of Troy, for respondent.

SMITH, P. J.  This action is brought to recover damages resulting from the death of plaintiff's intestate while employed by the defendant in connection with certain structures, a part of the coal pockets of Peterson & Packer, which said construction had been undertaken by this defendant.  Some cement arches had become defective by reason of the action of the frost.  Plaintiff's intestate and three or four other carpenters were placed at work in shoring up the ceiling of those arches. They had been working upon the south side and were transferred to the north side of the arch.  Here they found a scaffold, which they were directed to use, upon which were four boards.  The scaffold was raised about 40 feet from the ground.  In the process of shoring up the ceiling upon the north side, they were directed by the foreman to take first two boards from the scaffold floor and afterwards a third board, leaving them only one board for their scaffolding.  This board broke and caused the plaintiff's intestate to fall to the ground, resulting in injuries which caused his death.  After the accident it was discovered that this board which broke had been partly sawed in two.  By reason, however, of the cement juice, as it is called, upon the board, such defect was not discoverable upon mere observation.  This action is brought both under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204) and generally under the Labor Law (Consol. Laws, c. 31), as well as under the common law.  The defense consists of a general denial, of allegations of contributory negligence and assumption of risk on the part of plaintiff's intestate, and further that since the accident the defendant has been adjudged a bankrupt and thereby discharged from this liability.

[1] Under the authorities we are not authorized to hold that a discharge in bankruptcy is effective to cancel a claim founded upon a tort. Brown & Adams v. United Button Co., 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961, 9 Ann. Cas. 445; In re Crescent Lumber Co. (D. C.) 19 Am. Bankr. Rep. 112, 154 Fed. 724; In re Ostrom et al. (D. C.) 26 Am. Bankr. Rep. 273, 185 Fed. 988; In re N. Y. Tunnel Co., 159 Fed. 688, 86 C. C. A. 556.

[2] It is claimed by the defendant that plaintiff's intestate was one of the parties who constructed this platform, and as to him the Labor Law does not apply.  This claim is not borne out by the evidence.  It is true that the plaintiff's intestate, with others, removed the scaffold from one place to another, about three feet distant, but the same boards which the master had selected were used, and the workmen might well assume that they had been properly selected.  The master's liability, therefore, under section 18 of the Labor Law, would seem to be clear. The issue as to the contributory negligence of plaintiff's intestate was, we think, properly decided.  It cannot be said that the verdict of the jury was against the weight of evidence or was excessive.  He was

earning upward of a thousand dollars a year and had a wife and four little children dependent upon him.

[**3, 4**] The serious question in the case arises from the charge of the learned judge to the effect that if the defendant's foreman directed the workmen to take the third board for the purpose of shoring up the ceiling, thus leaving them with only one board, as matter of law the defendant had assumed the risk, and the plaintiff had not. To this charge an exception was duly taken. It is true, as stated by the learned trial judge, that the doctrine of assumption of risk rests upon an implied contract. Under the common law, if a servant by direction goes to work in a room which has an unguarded opening, of which he has knowledge, he assumes the risk. The mere fact of the defendant's direction to go to work in that room does not change the contract which the law implies. Nor, in my judgment, did the direction of the defendant's foreman to take the third plank, thus leaving the plaintiff's intestate and the other workmen with a single plank in the scaffold, change the implied contract arising from the employés' undertaking work or remaining therein with known dangers. While not agreeing with the rule of law charged, in my judgment the change was harmless, because this plank broke by reason of its defect, which by all the proof was not known to plaintiff's intestate. Without knowledge of this defect it is manifest that the doctrine of implied contract does not apply, and the plaintiff's intestate did not assume the risk.

It follows, therefore, that the judgment and order must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.